Helen F. Reed, appellant, v. John N. Snell et
al., appellees.

Filed May 1, 1893.   No. 4231.

**Partition:** Partnership: Parties: Evidence.   In an action for
partition the defendant alleged a partnership between himself
and one R., who had conveyed to the plaintiff.   The court below
found such partnership to exist and that the plaintiff had no
rights in the premises, and that one R., husband of the plaintiff,
was a necessary party for an accounting.   *Held,* That the testi-
mony failed to show a partnership in the land but merely in the
stock and improvements, and that the plaintiff could maintain
the action, subject to the payment of the improvements made
by the firm.

Appeal from the district court of Howard county.
Heard below before Tiffany, J.

*T. R. Wallace* and *Thomas Darnall,* for appellant.

*A. A. Kendall* and *Paul & Templin, contra.*

Maxwell, Ch. J.

This action was brought by the plaintiff against Snell and
wife for a partition of certain real estate in Howard county.
The defendants answered separately, that of John N. Snell
being as follows:

"Comes now John N. Snell, and for himself answering
plaintiff's petition in this behalf says:

"1. He denies each and every allegation in said petition
contained except such as may herein be explained or ex-
pressly admitted or denied.

"2. Defendants admit that Isabel Snell is the wife of
this defendant and that J. E. Reed is the husband of the
plaintiff.

"3. Denies that plaintiff is the joint owner with this
defendant in the real estate described in plaintiff's petition,

or that she has any interest therein whatever against this defendant as owner or purchaser thereof.

"4. And further answering, this defendant avers that on or about the 30th day of August, 1883, the said J. E. Reed, husband of plaintiff, being then and there the owner of certain real estate described in plaintiff's petition, as well as the growing crops thereon, and of certain cattle, horses, and other live stock on said premises, and other personal property thereon used in and upon said lands, represented to this defendant John N. Snell, that the business of stock growing and raising in Nebraska was very profitable; that this business was prosperous and productive; and said J. E. Reed then and there solicited defendant John N. Snell to enter into a copartnership with the said J. E. Reed for the purpose of buying, raising, breeding, feeding, and selling of cattle, horses, and hogs, and the raising of hay and grain, and said J. E. Reed represented that his profits were large in said business.

"5. That by reason of said representations of said J. E. Reed to this defendant, this defendant was induced to and did enter into a copartnership with said J. E. Reed, by the terms of which it was mutually agreed to and with each other, by verbal contract of partnership, that the said firm should be composed of J. E. Reed and said John N. Snell, under the firm name of Reed & Snell, and that said partners should share alike in all expenses of said business, and also should share and share alike in the profits and losses of said business aforesaid.

"6. And defendant avers that he was unacquainted with the said business, and relying solely upon the representations aforesaid of said J. E. Reed, this defendant entered into the agreement of copartnership aforesaid.

"7. That in pursuance of their agreement made and entered into, and for the purpose of carrying the same into effect, said J. E. Reed sold and conveyed to this defendant a one-half interest in the real estate described in plaintiff's

petition, in consideration whereof this defendant then and there paid said J. E. Reed the sum of $5,300; and also, in consideration of the sum of $3,212, said J. E. Reed sold and delivered to this defendant a one-half interest in all crops then growing on said real estate in plaintiff's petition described, and a like interest in 166 head of cows, heifers, steers, and bulls, and it was mutually agreed and understood by and between said J. E. Reed and this defendant that all of said property, real and personal, and the increase thereof, should be and constitute the assets and capital ot said firm, with the further agreement that said capital might be added to at any time as said J. E. Reed and this defendant might agree.

"8. That afterwards, to-wit, on or about the — day of ———, 1883, there were added to the stock of said firm one boar pig and ten brood sows of the aggregate value ot $100, of which sum this defendant paid $65, an excess of $15 over and above the legitimate and proper share of this defendant in pursuance of said partnership agreement, which said sum of $15 has not been returned or paid to this defendant by said firm of Reed & Snell.

"9. That before said partnership was formed said J. E. Reed purchased a part of said real estate from one C. H. Houghton, and thereafter added to his property the purchase of certain cattle until there were 166 head as aforesaid, and subsequently, and after forming said partnership by said J. E. Reed and defendant J. N. Snell, an agreement was entered into by and between said firm of Reed & Snell and one P. R. Granger, by which said Granger was to have charge of said property and to keep the same at his own expense under a written contract by and between said Granger and one C. H. Houghton and by said Houghton duly assigned to the said firm of Reed & Snell, a copy whereof is hereto attached as part hereof, marked Exhibit A.

"10. And it was mutually agreed and understood by and

between the said P. R. Granger and the said Reed & Snell
that no part of said personal property should be sold ex-
cept certain fat cattle then being fed by said Granger under
said agreement with Houghton last aforesaid.

"11. That said plaintiff Helen F. Reed had actual no-
tice of all and singular the facts and circumstances set out
and detailed in paragraphs 4, 5, 6, 7, 8, 9, and 10 hereof,
and of the partnership rights and interests of this defend-
ant in and to the real estate in her said petition set out and
described, as well as of the engagements of said J. E.
Reed, as the payments of the several sums of money by
defendant for a half interest in said property, real and
personal, as of the terms of said copartnership and the
agreements referred to with said Houghton and Granger.

"12. That contrary to the terms of said several agree-
ments, as well as the agreements of copartnership between
J. E. Reed and this defendant as that with said Granger,
said J. E. Reed entered upon said land and did unlawfully
and fraudulently sell all cattle, horses, hogs, and other per-
sonal property hereinbefore referred to and described as the
property of said firm of Reed & Snell, and the increase of
said property aforesaid, and received therefor large sums of
money, the exact amount whereof is unknown to this de-
fendant, and that said Reed wrongfully and fraudulently,
and with intent to cheat, wrong, and defraud this defend-
ant, refused to account to said firm of Reed & Snell for
the proceeds of said personal property so as aforesaid sold;
that said personal property constituted a large part of the
assets of said firm of Reed & Snell, of all which said
plaintiff Helen F. Reed had actual knowledge.

"Wherefore this defendant prays that the said J. E. Reed
and Helen F. Reed be made a party defendant to this cross-
petition and be required to answer the same; that an ac-
count may be taken of the partnership affairs between J.
E. Reed and this defendant John N. Snell, under the direc-
tion and decree of this court; that the said J. E. Reed be

decreed to pay to this defendant John N. Snell such sums as he may be entitled to receive of said partnership assets; that the action of Helen F. Reed v. John N. Snell and Isabel Snell be consolidated with this bill, and that it may be declared that said deed from J. E. Reed for a pretended interest in the lands described in plaintiff's petition be declared null and void and held for naught; that said partnership be dissolved between J. E. Reed and John N. Snell, and that said real estate of said firm be sold, and upon an accounting that the proceeds of the assets of said firm be equally divided, and that said J. E. Reed be required to account for all property and money of said firm which he has had and received; that should it appear that said J. E. Reed has received all of his share of the property of said firm, then that said real estate of said firm, being the same described in plaintiff's petition, is the property of this defendant John N. Snell, and that the title thereof be quieted in him ; and for the purpose of clearing the cloud from the title to said lands that said Helen F. Reed be required to reconvey said real estate, its tenements and hereditaments, to J. E. Reed, as a member of said firm of Reed & Snell, and in case she shall fail or refuse to so convey for a period of twenty days after such order, then that a commissioner be appointed by this court to make such conveyance for her, and for such other, full, and complete relief in the premises as equity and good conscience may require."

The answer of Isabel Snell need not be noticed.

The reply of the plaintiff is a general denial.

On the trial of the cause the court found the issues in favor of the defendant; that a partnership had existed between Snell and J. E. Reed, and that he was a necessary party to the action, and that the plaintiff, having purchased the land from her husband with the notice of these contracts, acquires no title or interest in the property, and the action was dismissed as to her. From the judgment an appeal was taken.

It appears from the testimony that in 1883 one Hough-
ton leased of P. R. Granger 314 acres of land in Howard
county for five years; that he was to furnish to Granger
100 head of cows, heifers, steers, and bulls, etc., and Gran-
ger was to care for the same for five years at his own ex-
pense, at the end of which time Houghton was to receive
the same number and kind of cattle he had delivered to
Granger and one-half the increase, and Granger to have
the residue. Soon after this contract was made J. E. Reed,
husband of the appellant, purchased of Houghton the land
leased to Granger and Houghton's interest in the cattle
contract. Several months afterwards Reed sold the un-
divided one-half of the land in controversy and one-half
interest in the cattle and the Granger lease to Snell.
Soon afterwards Reed sold and conveyed to Snell an un-
divided one-half of an additional 160 acres of land now in
controversy. In February, 1885, Snell and wife gave a
mortgage on the undivided one-half interest of the land
purchased of Reed. Three months later Reed conveyed
an undivided one-half interest in the land, of which Snell
had purchased the one-half interest, to the plaintiff and
she claims title.

The testimony tends to show that the conveyance from
Reed to his wife was made in good faith, as the land orig-
inally had been paid for with her money. The testimony
also tends to show that Reed & Snell were in partnership,
at least in the buying and selling of stock and of the im-
provements made on the land. There is no partnership
shown in the land itself. As to the land, they seem to be
joint owners. There are some charges of fraudulent mis-
representations on the part of Reed to induce Snell to en-
ter into the contract, but so far as we can see the represen-
tations were made in good faith but colored with the
enthusiasm which is sometimes indulged in by those who
have no experience in the business in which they are about
to engage and reason from mere theory colored by bright

anticipations. Both parties seem to have been ignorant of the business. No losses or reverses were expected by either party, hence no precautions taken to guard against the same. Snell was upon the ground, saw the land and the stock, and evidently was not deceived by the representations of Reed. It is evident that there must be an accounting between Reed and Snell and that Reed is a proper party to be made a defendant. It is also apparent that the plaintiff is entitled to a subdivision of the land, but that any partnership improvements made thereon should be deducted and paid for by her. The judgment is therefore reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.